## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SANDRA CALDWELL, | : |
| Plaintiff, | : |
| vs. | : CA 04-0819-WS-C |
| PROVIDENCE FAMILY PHYSICIAN, et al., | : |
| Defendants. | : |

### REPORT AND RECOMMENDATION

A review of this action reveals that plaintiff's complaint was filed on December 27, 2004 (Doc. 1) and a filing fee was paid on May 16, 2005 (Doc. 4). Subsequent to those two events, plaintiff has failed to make a return of service on any defendant or attempted to notify the Court by any means that the defendants have been served with a copy of the summons and complaint. She was required by Order of November 9, 2005 to show cause as to why this action should not be dismissed for failure to serve the defendants within the time limits required by Rule 4, Federal Rules of Civil Procedure. No response to that Order has been filed and the Court was unable to reach her for a telephone conference on December 19, 2005. The undersigned's staff was notified that the phone number given by plaintiff has been disconnected with no forwarding information provided.

### FINDINGS OF FACT

1.     Plaintiff filed a handwritten complaint on December 27, 2004, alleging that she was terminated from her employment as a medical assistant on December 22, 2003.  She alleges that her termination was based on racial discrimination and in retaliation for complaints that she filed.  She seeks lost wages and compensation for pain and suffering endured while working in a hostile work environment.

2.     Along with her complaint, she filed a motion for leave to proceed *in forma pauperis* (Doc. 2).  This motion was denied on April 29, 2005 (Doc. 3) and no appeal of that order was filed.

3.     Subsequent to the Order denying her the right to proceed *in forma pauperis*, plaintiff paid a $250.00 filing fee on May 16, 2005 (Doc. 4).

4.     On September 30, 2005, the undersigned incorrectly entered a Report and Recommendation that the complaint be dismissed due to plaintiff's failure to prosecute.  Once that error was recognized on November 7, 2005, through the Court's normal review of its docket, the Report and Recommendation was withdrawn (Doc. 6) and the plaintiff was ordered to show cause as to why her complaint should not be dismissed for failure to serve the defendants within the time limits required by Rule 4, Federal Rules of Civil Procedure (Doc. 7).

5.     Plaintiff has not taken any action in this matter since the paying of the filing fee on May 16, 2005, and has failed to respond to the Court's

Order of November 9, 2005.

6.   In an attempt to verify plaintiff's position and the status of this action, the undersigned's staff was instructed to contact Ms. Caldwell at the phone number she listed on her complaint, (251) 479-9865.  An attempt to contact her at that number proved unsuccessful.  The only information received from that phone call was provided by a recording that notified the caller that the number had been disconnected with no additional information.

## CONCLUSIONS OF LAW

1.   Plaintiff is proceeding *pro se* and has alleged that the defendants subjected her to racial discrimination and retaliation which ultimately resulted in her termination on or about December 22, 2003; all in violation of "Title VII"[1]  She seeks lost wages and damages from pain and suffering endured while working in a hostile environment. (Complaint, Doc. 1).  In support of her complaint, she has filed a Right-to-Sue Notice that she received for the Equal Employment Opportunity Commission dated September 27, 2004 (Doc. 1, pp. 6-7).

2.   Plaintiff has sued what appear to be business entities, Providence Family Physicians, Tillman's Corner; Seton Medical Management; and Providence Hospital.  The Court is not aware of the specific type of

---

[1]   It is assumed that she is referring to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

business entities that have been sued, since plaintiff has not identified whether they are corporations, associations or some other type of entity.  Even so, it is assumed that service is to be effected pursuant to Rule 4(h), Federal Rules of Civil Procedure:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be affected:
>
>> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

(*Id.*)

        3.      Rule 4(m) provides an extendable 120-day time prescription for service of the summons and complaint:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected

> within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, "[c]omplaints are not to be dismissed if served within 120 days, or within such additional time the court may allow." *Henderson v. United States,* 517 U.S. 654, 663 (1996). The 120-day period expired in this action on September 19, 2005.[2] No extension of the service period has been requested by plaintiff or granted by this Court. Instead, this Court required the plaintiff to prove service or show cause as to why the complaint should not be dismissed no later than December 9, 2005 (Doc. 7).

      4.      Once the summons and complaint have been served, plaintiffs are "to make proof thereof to the Court." Rule 4(l), Federal Rules of Civil Procedure. Persons other than the United States marshal or one of his deputies that perform the duties of process server must produce proof of service by affidavit. (*Id.*) "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Familia de Boom v. Arosa Mercantile, S.A.,* 629 F.2d 1134, 1139 (5th Cir. 1980). Even after this Court's November 9, 2005 Order,

---

[2] The Court began the 120-day time period after payment of the filing fee on May 16, 2005.

plaintiff has failed to present an affidavit that proved service on the defendant business entities. She has not offered proof that any defendant has actually received a copy of the summons and complaint.

     5.     Prior to the Amendment of Rule 4 in 1993, the Eleventh Circuit had found that when plaintiffs failed to present proof that service on defendants was perfected within 120 days of the filing of the complaint, courts were *required* to dismiss the action without prejudice unless plaintiffs could show good cause for failing to perfect timely service.[3] If good cause were shown, the time for service could be extended. See *Schnabel v. Wells*, 922 F.2d 726, 728-29 (11th Cir. 1991)("However, under Rule 4(j), dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown. No showing of cause was made in this case. Indeed, Schnabel was on notice as of January 18, 1989, when Wells filed his answer that sufficiency of process was at issue. At that time, more than two months remained of the 120-day period provided by Rule 4(j), yet Schnabel made no attempt to correct the defective service or even to inquire into the alleged deficiency."); *see also Hunt v. Dep't of the Air Force*, 29 F.3d 583, 387 (11th Cir. 1994)("Action dismissed without prejudice, even though status of limitations had expired, because plaintiff failed to serve the United States

---

    [3]    See *Horenkamp v. Van Winkle And Co., Inc*., 402 F.3d 1129 (11th Cir. 2005) for a discussion of the change brought with the 1993 Amendment.

Attorney.") Since 1993, district courts also have discretion to extend the time for service without a showing of good cause. *Henderson v. United States*, *supra*. In this action, while it is true that the plaintiff is proceeding *pro se*, and therefore may not have a working knowledge of the Rules at issue, she has failed to keep the Court aware of her contact information and has not taken any action in this case since the posting of her filing fee in May, 2005. Furthermore, she has failed or refused to respond to the show cause Order that was entered in November, 2005.[4] Under these circumstances, plaintiff has failed to give the Court any valid reason to grant her an extension of the time required for service of process.

## CONCLUSION

Plaintiff has failed to prove that she has served any defendant with a copy of the summons and complaint, and has taken no action in this case since the payment of her filing fee on May 16, 2005. The Court was unable to reach her at the phone number listed on her complaint, and has not received any response from her with regard to the show cause order entered in November, 2005. Under these circumstances, it is recommended that this action be dismissed without prejudice pursuant Rule 4(m).

---

[4] The Court's case management records reveal that a copy of this Order was mailed to the address provided by plaintiff and does not indicate that plaintiff's copy of the Order was returned as undeliverable. The inference is that she received the Order but chose not to respond.

The attached sheet contains important information regarding objection to this report and recommendation.

DONE this 20th day of December, 2005.

                                       s/WILLIAM E. CASSADY
                                      UNITED STATES MAGISTRATE JUDGE

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.  *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

<u>s/WILLIAM E. CASSADY</u>          004 2
UNITED STATES MAGISTRATE JUDGE

9